IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA

CASE NO.:

SINDY BLISS,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

DATE: 8/12/2020

HOUR: 10:42

DEPUTY CLERK:

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff SINDY BLISS by and through the undersigned attorney, Jonathan I. Rotstein, Esquire, and pursuant to Florida Rules of Civil Procedure 1.190, and hereby files this Complaint against Defendant WAL-MART STORES EAST, LP and in support thereof states and alleges as follows:

### FACTS

1. This is an action for damages that exceed Thirty Thousand Dollars ($30,000.00).

2. At all times material hereto, Plaintiff, SINDY BLISS was a resident of Crestview, Okaloosa County, Florida and is over the age of twenty-one (21).

3. At all times material hereto, Defendant WAL-MART STORES EAST, LP was a Foreign Limited Partnership authorized and licensed to conduct business in Crestview, Okaloosa County, Florida by the Secretary of State and does conduct said business in Okaloosa County, Florida.

4. The accident which is the subject matter of this litigation occurred in Crestview, Okaloosa County, Florida.

5. This Honorable Court has jurisdiction over this lawsuit in that the accident, which is the basis of this lawsuit took place in Okaloosa County, Florida, and that this action for money damages for the Plaintiff SINDY BLISS exceeds Thirty Thousand Dollars ($30,000.00) against Defendant WAL-MART STORES EAST, LP.

## COUNT ONE
## NEGLIGENCE AGAINST DEFENDANT,
## WAL-MART STORES EAST, LP

6. Plaintiff, SINDY BLISS is entitled to relief against Defendant WAL-MART STORES EAST, LP based upon the following facts:

    (a) Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 5 above as though stated herein.

7. On or about May 4, 2019, Plaintiff SINDY BLISS was a business invitee at Wal-Mart Supercenter, lawfully upon the premises of the Defendant's business located at 3351 S. Ferdon Blvd. in Crestview, Okaloosa County, Florida.

8. At the aforesaid time and place, as the Plaintiff was walking in the store when she suddenly slipped on some oil that was on the floor and fell to the ground, causing serious and permanent physical injury to Plaintiff.

9. At the aforesaid time and place, the Defendant WAL-MART STORES EAST, LP owned, maintained, leased and controlled said business property where the Plaintiff fell and was injured.

10. That at all times material hereto, Defendant WAL-MART STORES EAST, LP acted by and through its employees, servants, and/or agents, who at all times material hereto, acted within the course and scope of their employment with Defendant.

11. Defendant, WAL-MART STORES EAST, LP, had a duty to use reasonable care to maintain the premises in a reasonably safe condition.

12. Florida Statute 768.0755 Premises liability for transitory foreign substances in a business establishment, states as follows:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> (b) The condition occurred with regularity and was therefore foreseeable.

13. That at the aforesaid time and place, Defendant breached its duty of care by:

 a) failing to take action to remedy a dangerous condition which the Defendant knew of;

 b) failing to take action to remedy a dangerous condition that existed for such a length of time that, in the exercise of reasonable care, Defendant should have known of the condition; and/or

 c) failing to take action to remedy a dangerous condition that occurred with regularity, and therefore, was foreseeable.

14. At the aforesaid time and place, Defendant failed to maintain the premises in a reasonably safe condition by providing Plaintiff with a walkway that contained oil on the floor and was unfit to be used as a walkway, Defendant knew that the walkway provided to Plaintiff contained oil on the floor and failed to warn Plaintiff that the walkway was unfit to be used as a walkway, and/or Defendant should have known that the walkway contained oil on the floor and failed to warn Plaintiff that the walkway was unfit to be used as a walkway.

15. That as a direct and proximate result of the aforedescribed careless, wrongful and negligent acts of the Defendant WAL-MART STORES EAST, LP, Plaintiff SINDY BLISS has

been permanently and seriously injured and bruised in and about her right elbow, knee, wrist, joints and limbs, suffering physical pain and suffering in the past and indefinitely into the future, suffering mental pain in the past and indefinitely into the future, losing the capacity for the enjoyment of life in the past and indefinitely into the future, incurring medical and hospital bills for her care and treatment in the past and into the indefinite future and aggravation of a pre-existing injury; all in an amount exceeding Thirty Thousand Dollars ($30,000.00), against the Defendant.

WHEREFORE, Plaintiff SINDY BLISS demands judgment for damages and costs in an amount exceeding Thirty Thousand Dollars ($30,000.00), against Defendant WAL-MART STORES EAST, LP plus costs of the court and trial by jury.

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished, by regular U.S. mail delivery and/or electronic mail, this 25th day of July, 2020 to Sandra Martin, Walmart Claims Services, Inc., PO Box 14731, Lexington, KY 40512, Sandra.martin@walmart.com.



Jonathan I. Rotstein, Esquire
Law Office of Rotstein & Shiffman, LLP
309 Oakridge Blvd., Suite B
Daytona Beach, FL 32118
Florida Bar No. 909580
(386) 252-5560 / (386) 238-6999 fax (lmb)
Primary: L.bonner@rotstein-shiffman.com
Secondary: M.otto@rotstein-shiffman.com
T.dallarosa@rotstein-shiffman.com
Attorney for Plaintiff